UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
07/04/2020

IN RE: )
)
CORPORATION OF SOUTHERN ) Case No. 20-10212-cab
VERMONT COLLEGE, INC., ) *Chapter 7 Case*
dba SOUTHERN VERMONT COLLEGE, )
)
Debtor. )

---

**ORDER
GRANTING TRUSTEE'S MOTION TO DISMISS CASE, WITH CONSENT,
AND DISCHARGING THE TRUSTEE,
AFTER EMERGENCY HEARING**

---

On July 3, 2020, Raymond J. Obuchowski, Chapter 7 Trustee of the Bankruptcy Estate of the Corporation of Southern Vermont College, Inc. ("Trustee") filed a motion seeking (the "Emergency Motion")₁ seeking an emergency hearing on his motion (Doc #8 ) (the "Motion") for an order: (i) dismissing the Chapter 7 case, or alternatively, (ii) approving abandonment of the Campus property ("Campus") due to a pre-petition Occupancy Agreement ("Agreement") which under the Agreement would result in the Estate's property at the Campus being used and become occupied with purportedly 350-400 campers commencing on Sunday July 5, 2020. Later that afternoon the Trustee filed a Supplement to his Motion to provide additional facts supporting the relief requested, setting out the status of the estate, and describing the Trustee's efforts to resolve the legal, as well as health and safety concerns of the Trustee and US Trustee, before filing the Motion (doc. # 11). In the Supplement, the Trustee asserted if the Court did not grant either abandonment or dismissal, he would need an Order authorizing him to operate the Debtor, in order to protect the Trustee and estate from liability, and there was not sufficient time to obtain such an Order. See 11 USC section 721.

Based on the Trustee's representations in the Motion and the Supplement, as well as the proposed Order the Trustee filed indicating the Debtor, Trustee, and the U.S. Trustee supported dismissal of the case, the Court set an emergency hearing on the Motion for Saturday July 4, 2020, at 10:00 am.

At that emergency hearing, the Court heard arguments from the Trustee, the U.S. Trustee, and counsel representing the Debtor, the Trustee, Community Bank, creditor Fredic Poser, and the party who has a pending purchase and sale contract with occupancy agreement (Moshe Perlstein). Each of those parties indicated they either supported dismissal or did not oppose dismissal, for the reasons the Trustee articulated in the Motion, Supplement and his arguments at the emergency hearing.

Based on the record in this case, and those representations at the emergency hearing, THE COURT FINDS it is in the best interest of the estate, Debtor, Trustee and all parties in interest to dismiss this case.

THE COURT FURTHER FINDS it would place an unreasonable risk of liability on the Trustee for this case to proceed at this time, under the circumstances.

THE COURT FURTHER FINDS that time is of the essence in addressing the Trustee's Motion.

Therefore, IT IS HEREBY ORDERED:

1. This case is DISMISSED without prejudice.

2. Raymond Obuchowski is discharged from his duties as Trustee in this bankruptcy estate effective upon entry of this Order.

Dated at Burlington, Vermont this July 4, 2020 at 11:15 a.m.

_____
Honorable Colleen A. Brown
U.S. Bankruptcy Court